USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 3/21/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: NEELAM TANEJA

17-cv-9429 (JGK)

<u>MEMORANDUM OPINION & ORDER</u>

JOHN G. KOELTL, District Judge:

The <u>pro se</u> appellant, Neelam Taneja, appeals the bankruptcy court's dismissal of her Chapter 13 petition. For the following reasons, the decision below is affirmed.

A bankruptcy court's factual findings are reviewed for clear error, and its legal conclusions are reviewed <u>de novo</u>. <u>Unsecured Claims Estate Representative of Teligent, Inc. v. Cigna Healthcare, Inc. (In re Teligent, Inc.)</u>, 326 B.R. 219, 224 (S.D.N.Y. 2005); <u>see also</u> <u>In re Residential Capital, LLC</u>, 519 B.R. 606, 612 (S.D.N.Y. 2014).

The bankruptcy court dismissed Taneja's petition principally for three reasons -- because Taneja did not put forward a feasible Chapter 13 plan; because Taneja's debts exceeded the statutory limits; and because Taneja did not demonstrate a regular and stable income. Each of these reasons is a legitimate basis on which to dismiss a Chapter 13 petition. <u>See</u> 11 U.S.C. § 109(e) (requiring regular income and less than a specified amount of unsecured and secured debts as preconditions

for a Chapter 13 debtor); In re Santiago-Monteverde, 512 B.R. 432, 437-38 (S.D.N.Y. 2014) ("In order for a Chapter 13 petitioner to qualify as a debtor, Section 109(e) requires a finding that the petitioner is an 'individual with regular income,' . . ." (quoting 11 U.S.C. § 109(e)); Lippman v. 340 E. 93rd St. Corp., No. 98-cv-6988 (S.D.N.Y. Feb. 24, 1999) ("Where, as here, the debtor cannot formulate or propose a feasible plan due to the insufficiency of his income, the court should terminate the reorganization.").

Taneja does not contest any of the reasons the bankruptcy court cited for dismissing her petition. Taneja argues instead that there was fraud in the underlying bankruptcy proceedings and that the bankruptcy judge should have recused herself. However, Taneja has offered no evidence of fraud and presented no basis for the bankruptcy judge's recusal.

Accordingly, the order dismissing Taneja's Chapter 13 petition is **affirmed**.

Taneja also moves for a stay pending appeal. Because this Memorandum Opinion and Order resolves Taneja's appeal, her motion for a stay is **denied as moot**.[1]

---

[1] Taneja also filed in this Court a motion that appears to be directed to the bankruptcy court requesting a stay pending appeal. Dkt. No. 14. To the extent that motion is directed to this Court, it is also **denied as moot**.

The Clerk is directed to close all pending motions and to close this case.

**SO ORDERED.**

Dated: New York, New York
March 21, 2018

_____
John G. Koeltl
United States District Judge