USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/19/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: NEELAM TANEJA

17-cv-9429 (JGK)

MEMORANDUM OPINION & ORDER

JOHN G. KOELTL, District Judge:

Pending before the Court is the pro se appellant's third motion for reconsideration[1] of the Court's March 21, 2018 Memorandum Opinion and Order affirming the bankruptcy court's dismissal of her Chapter 13 petition. Dkt No. 15.

I.

Reconsideration of a previous Opinion of the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quotation marks omitted). To succeed on a motion for reconsideration, the movant carries a heavy burden. The movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983) (quotation marks

---

[1] The appellants first motion for reconsideration, Dkt. No. 18, was denied on October 15, 2018. Dkt. No. 26. Her second motion for reconsideration, Dkt. No. 29, was denied on October 31, 2018. See In re Taneja, No. 17cv9429, 2018 WL 6039386 (S.D.N.Y. Nov. 1, 2018).

omitted). "The decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v. Money Store, No. 03cv2876, 2014 WL 1673375, at *1 (S.D.N.Y. Apr. 28, 2014) (quotation marks omitted); see also In re Taneja, No. 17cv9429, 2018 WL 6039386, at *1 (S.D.N.Y. Nov. 1, 2018).

**II.**

The appellant has not carried the heavy burden to warrant reconsideration.

The Court has already considered and denied the appellant's argument that the Court "has probably overlooked the events on the Docket." Taneja, 2018 WL 6039386, at *1 (Explaining that "[c]ontrary to Taneja's assertions, the Court did not overlook documents filed on the docket").

The appellant's remaining arguments are new, and there is no reason that she could not have raised these arguments initially. Accordingly, these arguments are not properly before the Court. Cf. Goldstein v. New York, No. 00cv7463, 2001 WL 893867, at *1 (S.D.N.Y. Aug. 7, 2001) (A motion for reconsideration is not a vehicle for parties "to put forward additional arguments which the movant could have made, but neglected to make before judgment." (quotation marks omitted)), aff'd, 34 F. App'x 17 (2d Cir. 2002).

Moreover, the appellant's new arguments lack merit. First, the appellant argues that she was denied due process because her motion was decided without argument. However, "a district court's decision whether to permit oral argument rests within its discretion." AD/SAT, Div. of Skylight, Inc. v. Assoc. Press, 181 F.3d 216, 226 (2d Cir. 1999). The appellant provides no basis for her assertion that dismissing her appeal without argument violated her due process rights.

Second, the appellant argues that the Court's dismissal of her bankruptcy appeal is cruel and unusual punishment. The appellant provides no basis for her argument that the dismissal constitutes cruel and unusual punishment, and the assertion lacks merit. Because the Eighth "Amendment is addressed to bail, fines, and punishments, our cases long have understood it to apply primarily, and perhaps exclusively, to criminal prosecutions and punishments." Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 262 (1989) (collecting cases); see Hook v. Mutha, 168 F. Supp. 2d 77, 79 (S.D.N.Y. 2001) (holding that it was "all too obvious that the Eighth Amendment [did] not apply" to a case where the plaintiff had been denied food stamps and a grant because "[t]here was no criminal proceeding"). The assertion that the Court's March 21, 2018 Memorandum Opinion and Order -- which reached the proper

result based on the facts and the law -- is cruel and unusual is simply wrong.

Finally, the appellant argues that the Court's Order erroneously "support[s] the biased determinations of the [M]agistrate" Judge.[2] The appellant provides no basis for this assertion, and the assertion lacks merit. It was only after the Court conducted <u>de novo</u> review of the bankruptcy court's legal conclusions that the Court affirmed the bankruptcy court's judgment dismissing the appellant's Chapter 13 petition. See Dkt. No. 15, at 1.

In short, the appellant has not shown "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>Doe v. N.Y.C. Dept. of Soc. Servs.</u>, 709 F.2d at 789 (quotation marks omitted). Therefore, the appellant has not met the heavy burden required to succeed on a motion for reconsideration. The appellant's motion for reconsideration is **denied with prejudice.** The Clerk is directed to close the pending motion at Docket Number 34 and to close this case.

**SO ORDERED.**

**Dated:** **New York, New York**
**April 19, 2019**

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　**John G. Koeltl**
　　　　　　　　　　　　　　　**United States District Judge**

---

[2] This case was never referred to a Magistrate Judge. It appears that when the appellant refers to the Magistrate Judge, she intends to refer to the Bankruptcy Judge.

4